FILED
SUPERIOR COURT
OF GUAM

2020 SEP 22 PM 4: 04

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0188-20 |
| | ) | |
| v. | ) | DECISION AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| TRISTIN REYES, | ) | RECONSIDERATION RE. |
| (DOB 02/05/1998), | ) | BAIL CONDITIONS |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## I.    INTRODUCTION AND BACKGROUND

On September 22, 2020, the Honorable Maria T. Cenzon heard oral arguments on Defendant Tristin Reyes's ("Defendant") Motion for Reconsideration Re: Bail Conditions (the "Motion"). Defendant was present via video conference from within the Department of Corrections. Present by Zoom platform was Assistant Public Defender Zachary Taimanglo on behalf of Defendant and Assistant Attorney General Brendlynn Joseph represented the People. No one from Guam Behavioral Health and Wellness Center ("GBHWC") was in attendance.

Defendant challenges the modification of the bail conditions by Magistrate Judge Benjamin C. Sison, Jr. ("Magistrate Sison") remanding Defendant to the Department of Corrections ("DOC") rather than being returned to the custody of GBHWC, as originally ordered by Magistrate Judge Jonathan Quan ("Magistrate Quan"). *Commitment Order* CM0188-20 (May 19, 2020). The gravamen of Defendant's

motion is that Magistrate Judge Quan had previously declared on the record that when the warrant was returned that Defendant should continue to be remanded to the custody of GBHWC, not confined to DOC. *Mot. For Reconsideration Re. Bail Conditions* at p. 1 (Sep. 9, 2020). However, at the return of warrant hearing on September 3, 2020 Magistrate Sison ordered that Defendant be remanded to DOC, a decision purportedly based upon a letter from GBHWC recommending Defendant's detention at DOC. *Motion* at p. 2.

The record before this Court does not contain any exhibit (i.e., the referenced letter) which may have been examined and considered by Magistrate Sison during the return of warrant hearing supporting his decision to remand Defendant to DOC in contrast to what was indicated by Magistrate Quan, and neither the resulting order nor the minutes of the hearing for the return of warrant illuminate this Court as to the facts which supported such remand. Thus, this Court cannot determine whether the modification was otherwise appropriate. However, during the hearing on the instant Motion, Defendant proffered further that the "GBHWC Annex" which was mandated by Executive Order 20-21 (June 17, 2020)[1] issued by the Governor of Guam was not yet and, upon information and belief, is still not in operation at DOC. *Mot.* at 2; *Minutes of Motion Hearing of Sept. 22, 2020* at 9:59:19–10:00:22. The People did not offer any

---

[1] Executive Order 20-21 was issued by Governor Lourdes Leon Guerrero on June 17, 2020 and requires that DOC and GBHWC establish a satellite operation called the "GBHWC Annex" at the DOC to ensure that "individuals involved in criminal justice settings receive their necessary services from credentialed substance use treatment providers and through peer recovery support." The EO further declares that the Annex will be equipped with all necessary personnel and resources to support a "comprehensive suite of programs directed toward addressing the mental health, alcohol and drug concerns of inmates and detainees housed in DOC facilities." The facility shall further comply with the standards set forth by CARF and the National Commission on Correctional Health Care Standards for Mental Health Services in Correctional Facilities.

contrary evidence or argument countering Defendant's request to be remanded back to GBHWC.

Having considered the arguments presented before the Court and the record before it with respect to Defendant's remand to DOC following the return of warrant and in contravention of Magistrate Quan's previous directive, the Court GRANTED the Motion from the bench and now issues this Decision and Order memorializing its oral ruling.

## II. LAW AND ANALYSIS

When ruling on any motion to modify bail or conditions, the Court continues to be guided by the provisions dictated in 8 GCA § 40.15(b) which states that "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Although the statute enumerates several factors for the court to consider, they are not exclusive and the court may consider "any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released." 8 GCA § 40.15(c)(4)(2005). Given this basic mandate, Magistrate Quan is presumed to have applied these factors in ordering Defendant be committed to the custody of GBHWC in his original Order of May 19, 2020, and no motion ever having been filed seeking this Court to amend such order with respect to placement, the Court makes no finding as to the appropriateness of Judge Quan's Commitment Order.

Rather, this Decision and Order addresses only the modification by Magistrate Sison and whether committing Defendant to DOC in light of the circumstances is justified. This Court finds that such remand was inappropriate under the circumstances.

The magistrate's summary report (prepared by the Pretrial Services of the Adult Probation Division and distributed to the parties and to the magistrate) presumptively forms at least part of the basis of an order to detain or to release a defendant during the pendency of a trial following the magistrate or arraignment hearing. In this case, the magistrate summary report indicates, and this Court may take judicial notice of, Defendant's prior history of involvement in the criminal justice system. Defendant had two prior cases transferred from general jurisdiction to the Mental Health Court docket and disposed of therein. In *People v. Tristen Lane Anderson Reyes*, Criminal Case No. CM0305-19, the court found, based upon a forensic evaluation, that the Defendant "lacked the capacity to appreciate the wrongfulness of his actions constituting the charged offenses [and] consequently...adopted the findings of the Defendant's forensic evaluation and ordered the matter transferred to the Mental Health Court for disposition." *Order After Hearing* (Nov. 29, 2019). Similarly, in *People v. Tristen Lane Anderson Reyes*, Criminal Case No. CM0573-18, the court issued its Findings of Fact and Conclusions of Law ultimately ordering that the matter be transferred to the Mental Health Court. *Findings of Fact and Conclusions of Law* at p.4, ¶ 2 (Oct. 15, 2019).

In a criminal case involving an individual who has a prior history of adjudication within a therapeutic setting such as the Mental Health Court, a court is

mandated to consider a Defendant's mental health when making a determination about release during the pendency of trial. 8 G.C.A. § 40.15 (c)(2)(D)("In determining whether there is a substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person or the community, the judge shall consider the following factors: ... (2) the history and characteristics of the person charged, including: ... (D) his/her reputation, character, and mental and physical condition."). It is further presumed that Magistrate Quan considered these factors when issuing an Order of Commitment remanding Defendant to GBHWC, rather than to DOC. It is not as certain from the record before this Court that these factors were considered at the hearing on Defendant's return of warrant on September 2, 2020.

This Court finds that remanding Defendant to DOC rather than returning him to GBHWC is tantamount to increasing a bail amount without properly presenting the matter to the Court. See *People v. Song*, 2011 Guam 19. *Song* involved the issue of whether the trial court erred in increasing the Defendant's bail conditions following a return of warrant when the original bail amount was set substantially lower during a Defendant's first appearance. Pursuant to the Defendant's Order of Conditional Release and Appearance Bond, bail was set and posted at $50,000.00. After the victim died following the removal of life support, the grand jury returned an Indictment against the Defendant increasing the charges against Defendant and, at an ex parte proceeding seeking the issuance of a warrant of arrest (rather than for a summons), the

People requested the court to set bail on the arrest warrant at the amount of $250,000 and the request was granted. *Song* at ¶ 6. The Guam Supreme Court ruled that it was appropriate for the ex parte judge to set a bail amount *on the arrest warrant;* however, the Supreme Court expressed that such condition "terminated by operation of the statute once Song was brought in for his first appearance after the indictment issued." *Id.* at ¶18. Thus, when the warrant was returned before the assigned judge who then accepted the People's request to increase the Defendant's bail "five-fold" to $250,000, it was error for the judge to do so because there was no motion before him seeking such modification of the original bail amount. *Id.* at ¶21.

The Court discussed the appropriate procedure as follows:

> The Code further allows bail conditions to be brought before the court for redetermination. Section 40.50 describes the conditions under which the person upon whom conditions are imposed may seek bail redetermination, and sections 40.60 and 40.75 provide the mechanism by which the People may seek additional bail restrictions. **In each instance, an application must be made to the court, and applications brought pursuant to section 40.75 must be by noticed motion. Nothing in Guam's bail statutes authorizes any judge, absent application by either the person for whom release conditions are imposed or by the People, to modify release conditions.**

*Song* at p. 6, ¶20 (emphasis added).

Finding that the court's decision to increase bail amount that had already been set by the magistrate without the appropriate procedural requirements having first been met was erroneous as a matter of law, the Supreme Court vacated the increased bail amount and reinstated bail at $50,000. *Id.* at ¶22.

This Court finds that modifying Defendant's placement from GBHWC to DOC is tantamount to raising bail without proper notice having been given to the Defendant as required under *Song*. Defendant had the expectation, based on Magistrate Quan's declaration during the Arraignment proceeding that he would, upon return of the warrant, be remanded to GBHWC. The People had questioned whether return to GBHWC when Defendant absconded from the premises was appropriate, and Magistrate Quan confirmed the condition of remand to GBHWC despite his leaving the facility. The later determination upon the return of warrant to remand Defendant to DOC when there was no pending motion to modify release conditions is absolutely contrary to the Supreme Court's mandate in *Song*. That is, any modification of bail conditions (which the Court today finds includes remand to DOC for a Defendant who has historically been declared appropriate for adjudication in MHC) must be made pursuant to a motion for redetermination which complies with the requirements of 8 GCA §§ 40.60 and 40.75.

//

//

//

## III. CONCLUSION

For these reasons, the Court grants Defendant's Motion for Reconsideration and ORDERS that Defendant be released from the Department of Corrections and REMANDED to the custody of Guam Behavioral Health and Wellness Center until further order of this Court.

A separate Order compelling such release, transfer and remand shall be issued concurrently with the instant Decision and Order.

SO ORDERED this ___ SEP 2 2 2020 ___ .

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG Prosecution,
POSC
Date: 9/22/20 Time: 4:06p
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam